# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Luis Anibal Portillo Perez,

                Petitioner

    v.

Pamela Bondi, et al.,

                Respondents

Case No. 2:26-cv-00879-ART-DJA

**Service Order**

(ECF Nos. 1)

Petitioner Luis Anibal Portillo Perez, an immigration detainee, who is challenging the lawfulness of his detention at the City of Henderson Detention Center contract facility, has filed a counseled petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1.)

Petitioner alleges that he is detained at the City of Henderson Detention Center located in Henderson, Nevada, but does not name the warden of this facility as a Respondent. (ECF No. 1.) The "one proper respondent" in habeas petitions challenging continued immigration detention is "the warden of the facility where the [detainee] is being held, not the Attorney General or some other remote supervisory official." *Doe v. Garland,* 109 F.4th 1188, 1195 (9th Cir. 2024) (quoting *Rumsfeld v. Padilla,* 542 U.S. 426, 435 (2004)). Given the divergence of approaches to the immediate custodian rule when a federal detainee is held in a state facility pursuant to a contract,[1] the possible prejudice to Petitioner of dismissing his petition, and Petitioner's clear indication that he

---

[1] *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1184 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (collecting cases that variously holding that the immediate custodian of a federal detainee in a contract facility is the warden of the local facility, a national-level policymaking official, or the federal agent charged with overseeing the local facility).

seeks release from the City of Henderson Detention Center, the Court liberally construes his petition as having named the warden of that facility.

Following a preliminary review of the petition under the Rules Governing Section 2254 Cases,[2] the Court finds that the petition establishes a *prima facie* case for relief, so the Court sets a briefing schedule.

**Conclusion**

The Clerk of Court is kindly directed to add "Warden of City of Henderson Detention Center" to the caption as a Respondent.

The Clerk of Court is kindly directed to mail a copy of the Petition (ECF No. 1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to the Warden of the City of Henderson Detention Center, 18 Basic Road, Henderson, Nevada 89015.

It is further ordered that by Friday, March 27, 2026, Respondents shall serve on Petitioner's counsel a copy of any removal order pertaining to the Petitioner and related documents providing grounds for removal. By the same date, Respondents shall file a status update with this Court certifying that they have provided such documents with Petitioner's counsel. To ensure timely notification, Respondents' counsel will be emailed with a copy of this order.

It is further ordered that the United States Attorney's Office for the District of Nevada shall file a notice of appearance by Monday, March 30, 2026.

It is further ordered that Petitioner shall have until Monday, March 30 to file a motion for a temporary restraining order. Respondents shall have until Wednesday, April 1, 2026 to file an answer to the petition and any motion for temporary restraining order, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon with

---

[2] The Court exercises its discretion to apply the rules governing 28 U.S.C. § 2254 petitions to this 28 U.S.C. § 2241 action. *See* Habeas Rule 1(b).

that pleading.[3] Petitioner will then have until Thursday, April 2, 2026 to file a reply.

It is further ordered that a hearing will be held on the petition and motion for temporary injunctive relief on Friday, April 3, 2026, with the time and courtroom to be set by future order.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that in order to maintain jurisdiction and provide a prompt resolution, Respondents shall not transfer Petitioner out of this District or remove him[4] unless the Court grants a motion or stipulation to modify this order.[5]

Dated: March 25, 2026

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

[3] *See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" (citing 28 U.S.C. § 2243)).

[4] *See Patel v. Garland*, No. 21-17024, 2024 WL 722575, at *2 (9th Cir. Feb. 22, 2024) (citing *Rauda v. Jennings*, 55 F.4th 773, 777 (9th Cir. 2022)); *see, e.g. Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 905–06 (W.D. Wash. 2025); *Co Tupul v. Noem*, No. CV-25-02748-PHX-DJH (JZB), 2025 WL 2426787, at *2 (D. Ariz. Aug. 4, 2025); *Lopez v. Trump*, No. 25-CV-04826 (JAV), 2025 WL 3274224, at *10–11 (S.D.N.Y. July 10, 2025).

[5] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3